IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROOSEVELT CARTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-2059-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Roosevelt Carter, a Texas prisoner, against a state district judge, his former attorney, various unnamed Dallas police officers, and TDCJ officials. On December 10, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff

answered the interrogatories on January 4, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In 1978, plaintiff was placed on 10 years probation after pleading guilty to burglary of a habitation and possession of a prohibited weapon. While on probation, plaintiff was charged with several new offenses, including possession of a controlled substance and forgery. In 1981, the trial court revoked plaintiff's probation in the burglary and gun cases, found him guilty of the new offenses, and sentenced him to 10 years in prison. Plaintiff discharged his sentences and was released from custody after serving just 48 months. (*See* Mag. J. Interrog. #2).[1]

Now, nearly 30 years after he pled guilty to burglary and unlawful possession of a prohibited weapon, and more than 20 years after he was released from prison on those charges, plaintiff contends that the trial judge, his former attorney, the arresting officers, and TDCJ officials all conspired to violate his civil rights. As best the court can decipher from his complaint and interrogatory answers, plaintiff maintains that the police officers arrested him without probable cause, that the judge and defense counsel induced him to plead guilty to crimes he did not commit, and that TDCJ illegally imprisoned him for 48 months. (*See* Plf. Compl. at 4-5; Mag. J. Interrog. # 1, 5). By this suit, plaintiff seeks unspecified money damages and wants his criminal record expunged.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

---

[1] Plaintiff is currently incarcerated on a 10-year sentence in another case.

>           (1)     is frivolous or malicious;
>
>           (2)     fails to state a claim upon which relief can be granted; or
>
>           (3)     seeks money relief against a defendant who is immune from
>                   such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *pet. for cert. filed*, No. 07-713 (Nov. 26, 2007).

B.

The court initially observes that plaintiff cannot maintain a federal civil rights action for money damages against the trial judge, his former attorney, unnamed Dallas police officers, or TDCJ officials. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 279 (5th Cir. 1988) (holding that "private attorneys, even court-

appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Unnamed defendants cannot be joined as parties to an action under a federal statute. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997) (citing cases). TDCJ officials are not vicariously liable for the actions of their employees and cannot be sued for civil rights violations under a theory of *respondeat superior*. *See Waller v. Richardson*, No. 2-07-0097-J, 2007 WL 2907818 at *2 (N.D. Tex. Oct. 4, 2007) (citing cases). Because plaintiff has failed to state a claim for relief against any of the defendants named in his complaint or interrogatory answers, dismissal is proper.

C.

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that he was arrested by the police without probable cause, that the judge and defense counsel induced him to plead guilty to crimes he did not commit, and that he was wrongfully imprisoned by TDCJ. Such claims necessarily imply the invalidity of plaintiff's criminal conviction, which has never been reversed or been declared invalid. (*See* Mag. J. Interrog. #3). Consequently, plaintiff cannot maintain a civil rights action under 42 U.S.C. § 1983.

*See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Ferguson v. City of Rowlett*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury in DWI case was barred by *Heck*); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE